FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2005 AUG 29 PM 4: 55
AUSTIN DIVISION

CLERK
WESTERN DI... COURT
TEXAS
BY_____

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-05-CA-606-LY |
| | § | |
| MERCK & CO., INC., | § | |
| | § | |
| DEFENDANT | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court are (1) the MOTION OF THE STATE OF TEXAS TO REMAND ACTION TO TEXAS STATE COURT filed August 4, 2005, (Doc. #3); (2) THE STATE OF TEXAS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND filed August 4, 2005 (Doc. #4); (3) OPPOSITION OF DEFENDANT MERCK & CO., INC. TO PLAINTIFF'S MOTION TO REMAND filed August 18, 2005 (Doc. #11); (4) THE STATE OF TEXAS' OPPOSED REQUEST FOR EXPEDITED CONSIDERATION ON ITS MOTION TO REMAND filed August 10, 2005 (Doc. #6); (5) DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION TO REMAND filed August 12, 2005 (Doc. #7); (6) MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION filed August 8, 2005 (Doc. #5); (7) OPPOSITION OF STATE OF TEXAS TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS filed August 12, 2005 (Doc. #8); and (8) MERCK'S REPLY IN SUPPORT OF MOTION TO STAY filed August 16, 2005 (Doc. #9). Having considered the motions, responses, and reply, the Court grants Plaintiff's motion to remand, dismisses Plaintiff's request for an expedited hearing, and dismisses Defendant Merck & Co. Inc.'s motion to stay for the following reasons.

/3

## I. Background

On June 30, 2005, the State of Texas ("Texas") as the Plaintiff filed suit in state court in Travis County against Merck & Co. Inc. ("Merck") regarding Merck's alleged misrepresentations about VIOXX, which had been placed on Texas's Medicaid formulary. Texas brought suit against Merck for damages and civil penalties pursuant to the State of Texas Medicaid Fraud Prevention Act ("TMPFA"). *See* TEX. HUM. RES. CODE §36.001- §36.132 (2005). In part, Texas alleges that Merck made false statements or misrepresentations of material fact concerning the safety of VIOXX, concealed or failed to disclose the truth about VIOXX, and made claims under the Texas Medicaid Program for a product that is substantially inadequate or inappropriate when compared to generally recognized standards within the health care industry or for a product that is otherwise inappropriate. Texas alleges that Merck's conduct regarding VIOXX violates TMPFA sections 36.002(1), (2), (4) and (7). TEX. HUM. RES. CODE §§ 36.002(1), (2), (4) & (7). As damages, Texas seeks restitution with interest for the value of all payments which Texas has made for VIOXX prescriptions under the Texas Medicaid Program; civil penalties; twice the value of all payments which Texas has made for VIOXX prescriptions under the Texas Medicaid Program; and fees, expenses, and costs associated with the lawsuit.

Merck removed the lawsuit to this Court on August 2, 2005, on the basis of both federal-question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 & 1441 (2005). In its notice of removal, Merck argues federal-question jurisdiction exists because Texas's "claims are premised on the allegations that Merck violated regulations promulgated and enforced by the Food and Drug Administration . . . under statutory authority conferred by the federal Food, Drug & Cosmetic Act . . . 21 U.S.C. § 301, *et. seq.*" Additionally, Merck claims Texas's petition raises "important federal

questions related to the federal Medicaid statute and it associated regulations." Merck claims that diversity jurisdiction exists because the Texas Health and Human Services Commission ("THHSC"), and not Texas, is the real plaintiff. Texas has now moved to remand the case.

## II. Analysis

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; *see also Kokkonen*, 511 U.S. at 377. As such, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Thus, to support the propriety of removal, the defendant bears the burden of establishing facts demonstrating that the Court has subject-matter jurisdiction of the cause. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In the present case, Merck has not satisfied its burden of proving the existence of diversity jurisdiction. Texas is the named plaintiff in the lawsuit, and it is well-settled law that a state is not a citizen for purposes of diversity jurisdiction. *See Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir.1995). Where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because the state is not a citizen for purposes of diversity jurisdiction. *Id. See also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3602, p. 366-67 (2d ed. 1984).

Nor has Merck persuaded the Court that the real party in interest is not Texas but THHSC. For example, TMPFA makes clear that a person who commits an unlawful act under the statute "is liable to the *state*." TEX. HUM. RES. CODE § 36.052(a) (emphasis added). By the express language of the statute under which Texas seeks to hold Merck liable, a wrongdoer is liable to Texas, not to THHSC. Further, Subchapter B is entitled "Action By Attorney General," and section 36.052(e) of the subchapter specifically authorizes the attorney general, not THHSC, to bring the type of action that Texas, acting through the attorney general, has brought against Merck. TEX. HUM. RES. CODE § 36.052(e). There can be no question that Texas is the real party in interest in this lawsuit.

Likewise, Merck has not carried its burden of proving the existence of federal-question jurisdiction. A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint. *Carpenter*, 44 F.3d at 366. Generally, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *Id.* Here, based on Texas's state-court petition, Texas clearly has asserted against Merck only Texas state-law claims under a Texas statute.

Specifically, Texas sues Merck under the following TMPFA provisions:

A person commits an unlawful act if the person:

(1) knowingly or intentionally makes or causes to be made a false statement or misrepresentation of a material fact:
(A) on an application for a contract, benefit, or payment under the Medicaid program; or
(B) that is intended to be used to determine a person's eligibility for a benefit or payment under the Medicaid program;

\* \* \* \*

(2) knowingly or intentionally conceals or fails to disclose an event:
(A) that the person knows affects the initial or continued right to a benefit or payment under the Medicaid program of:

4

      (i) the person; or
      (ii) another person on whose behalf the person has applied for a benefit or payment or is receiving a benefit or payment; and
(B) to permit a person to receive a benefit or payment that is not authorized or that is greater than the payment or benefit that is authorized;

* * * *

(4) knowingly or intentionally makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning:
(A) the conditions or operation of a facility in order that the facility may qualify for certification or recertification required by the Medicaid program, including certification or recertification as:
      (i) a hospital;
      (ii) a nursing facility or skilled nursing facility;
      (iii) a hospice;
      (iv) an intermediate care facility for the mentally retarded;
      (v) an assisted living facility; or
      (vi) a home health agency; or
(B) information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program;

* * * *

(7) knowingly or intentionally makes a claim under the Medicaid program for:
(A) a service or product that has not been approved or acquiesced in by a treating physician or health care practitioner;
(B) a service or product that is substantially inadequate or inappropriate when compared to generally recognized standards within the particular discipline or within the health care industry; or
(C) a product that has been adulterated, debased, mislabeled, or that is otherwise inappropriate.

TEX. HUM. RES. CODE § § 36.002(1), (2), (4) & (7).

    As the Court reads these particular TMPFA sections, they are not focused on or concerned with any regulations promulgated or enforced by the Food and Drug Administration, despite Merck's suggestion in its Notice of Removal. Rather, these state-law provisions, as well as Texas's allegations in its petition, involve Merck's conduct toward and with Texas in requesting and receiving approval from Texas to add VIOXX to Texas's Medicaid program. Further, the "Medicaid

program" referred to in these provisions is Texas's Medicaid program, not the federal medicaid program. *See* TEX. HUM. RES. CODE § 36.001(6). The Court concludes that there are no federal questions involved in Texas's lawsuit against Merck.

Since neither diversity jurisdiction nor federal-question jurisdiction exists, the Court finds that remand is warranted.

**IT IS THEREFORE ORDERED** that the MOTION OF THE STATE OF TEXAS TO REMAND ACTION TO TEXAS STATE COURT (Doc. #3) is **GRANTED**.

**IT IS FURTHER ORDERED** that THE STATE OF TEXAS' OPPOSED REQUEST FOR EXPEDITED CONSIDERATION ON ITS MOTION TO REMAND (Doc. #6) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Doc. #5) is **DISMISSED**.

**IT IS FINALLY ORDERED** that this action is **REMANDED** to the 345th Judicial District Court of Travis County, Texas.

**SIGNED** the 24th of August 2005.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE